UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HAMEET SETHI, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 23-cv-02046-WQH-JLB<br><br>**ORDER REGARDING SHOW CAUSE HEARING AND IMPOSING SANCTION**<br><br>**[ECF No. 17]** |

On February 9, 2024, the Court issued an Order to Show Cause for Defendant's failure to appear at the Early Neutral Evaluation Conference (ENE) on February 8, 2024. (ECF No. 17.)  The Court set a deadline of February 22, 2024, for Defendant to file a written declaration showing cause why he failed to appear and why sanctions should not issue against him for his noncompliance.  (*Id.* at 2.)  The Court further set an in-person show cause hearing for February 29, 2024.  (*Id.*)

Defendant did not file any declaration explaining why he failed to appear at the ENE.[1]  He further failed to appear at the show cause hearing on February 29, 2024.

---

[1] The Court notes, however, that on February 10, 2024—one day after the Court issued its Order to Show Cause—Defendant improperly responded to the Court's ZoomGov email invitation for the February 8, 2024 ENE, stating he had been "unaware of the meeting."

1

(ECF No. 20.)  The Court waited twenty-six minutes for Defendant to appear, but he did not contact the Court prior to, during, or since the hearing to indicate he experienced any difficulty attending.

In its order setting the ENE, the Court advised Defendant that "[f]ailure to appear at the ENE will be grounds for sanctions."  (ECF No. 12 ¶ 2.)  Moreover, Civil Local Rule 83.1 of the Southern District of California provides that the failure of any party to comply with "any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions."  CivLR 83.1.a.  Lastly, the Court advised Defendant in its Order to Show Cause that "[f]ailure to comply with this Order to Show Cause may result in the imposition of additional sanctions."  (ECF No. 17 at 3.)

Given the foregoing and taking into account Defendant's *pro se* status, the Court finds that the imposition of a $50 monetary sanction on Defendant for failure to appear at the Early Neutral Evaluation Conference is both reasonable and just.  *See* CivLR 83.1; *see also Ewing v. GoNow Travel Club*, No. 19-cv-297-BAS-AGS, 2019 WL 4688760, at *1 (S.D. Cal. Sept. 26, 2019) (noting a *pro se* litigant may be subject to sanctions so long as the party's *pro se* status is considered in determining whether the party's actions were reasonable).  Defendant shall pay the monetary sanction of $50 to the Miscellaneous Fines,

---

(*See* ECF No. 19.)  On February 12, 2024, the Court issued an order addressing the unauthorized email, expressly stating it would be disregarded.  (*Id.*)  The unauthorized email did not discharge Defendant of the requirements set forth by the Order to Show Cause.  (*See* ECF No. 17 at 2 ("Defendant shall show cause in a written declaration why he failed to comply with the Court's January 2, 2024 order requiring him to appear at the February 8, 2024 ENE and why sanctions should not issue against him for his noncompliance.  Defendant shall file his declaration with the Clerk's Office no later than **February 22, 2024**.") (footnote omitted) (emphasis in original).)

Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury. *See* CivLR 83.1.b.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Hameet Sethi shall pay a sanction of $50 (U.S. Dollars) for his failure to appear at the Early Neutral Evaluation Conference in this action on February 8, 2024. Defendant shall pay the sanction on or before **April 15, 2024**, to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury.

Acceptable forms of payment are cash, personal check, cashier's check, law firm check, money order, or credit card. If paying by check or money order, the amount must be made payable, in U.S. Dollars, to "Clerk, U.S. District Court," and the memo line must include this action's case number. Payment may be remitted by mail to the following address:

> Office of the Clerk
> U.S. District Court
> Southern District of California
> Financial Department
> 333 West Broadway, Room 420
> San Diego, CA 92101-8900

Alternatively, payment may be made in person at the Cashier's Window of the Office of the Clerk, Suite 420, 333 West Broadway, San Diego, CA 92101-8900.

2. Defendant Hameet Sethi shall **FILE** a Notice of Payment of Sanction to the Court on or before **April 22, 2024**.

3. Failure to comply with this Order shall constitute grounds for additional sanctions up to and including terminating sanctions.

Dated: March 6, 2024

*[signature: Jill Burkhardt]*
Hon. Jill L. Burkhardt
United States Magistrate Judge