UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN,<br><br>                      Plaintiff,<br><br>v.<br><br>HAMEET SETHI, et al.,<br><br>                      Defendants. | Case No.: 23-cv-02046-WQH-JLB<br><br>**ORDER RESETTING MANDATORY SETTLEMENT CONFERENCE**<br><br>**[ECF No. 18]** |

The Mandatory Settlement Conference ("MSC") in this matter is currently scheduled for November 13, 2024, at 9:00 AM before Magistrate Judge Jill L. Burkhardt as a videoconference. (ECF No. 18.) Due to a conflict in the Court's calendar, the Court hereby **RESETS THE TIME** of the MSC to **1:45 PM**. All other dates, deadlines, and requirements set forth in the Scheduling Order remain in effect. However, for ease of the litigants, all previously issued information regarding the MSC is attached hereto.

**IT IS SO ORDERED.**

Dated: July 11, 2024

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge

**Mandatory Directions for MSCs Held Before Judge Burkhardt**

1. The purpose of the MSC is to permit an informal, candid discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve a mediated resolution of the case. All MSC discussions will be off the record, privileged, and confidential. *See* CivLR 16.3.h.

2. The MSC will be held by video conference. If any party believes the MSC is more likely to be successful if conducted in-person, that party shall meet and confer on the issue with the other parties. After meeting and conferring, and no later than **14 days before the MSC**, the parties shall leave a joint voicemail with chambers at (619) 557-6624 indicating which of the parties requests an in-person MSC. In the voicemail, the parties shall leave three mutually available dates for a telephonic status conference to discuss whether the MSC should be held in-person. The final decision will be made by the Court.

3. Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. A limited or sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**Counsel for a United States government entity** may be excused from this requirement so long as the government attorney who attends the MSC conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

**Failure to attend the MSC or obtain proper excuse will be considered grounds for sanctions.**

4. No later than **21 days before the MSC**, the parties shall exchange formal settlement proposals, as required by § III.A. of Judge Burkhardt's Civil Chambers Rules.

5. No later than **14 days before the MSC**, the parties shall meet and confer in person or telephonically, as required by § III.B. of Judge Burkhardt's Civil Chambers Rules.

6. No later than **November 4, 2024**, counsel (and any unrepresented parties) shall **lodge** confidential MSC statements with Judge Burkhardt's chambers via e-mail at efile_Burkhardt@casd.uscourts.gov. The parties' MSC statements shall comply with § III.C. of Judge Burkhardt's Civil Chambers Rules.

7. The parties are directed to read and shall comply with § III.A–C of Judge Burkhardt's Civil Chambers Rules, which set forth the Court's requirements for the MSC. **Failure to comply with the Court's requirements will be grounds for sanctions.**

8. The Court will use its official ZoomGov video conferencing account to hold the MSC. **IF YOU ARE UNFAMILIAR WITH ZOOM:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[2] Joining a Zoom conference does not

---

[2]   If possible, participants are encouraged to use laptops or desktop computers for the

require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom, and familiarize themselves with Zoom in advance of the MSC.[3] There is a cost-free option for creating a Zoom account.

9. Prior to the start of the MSC, the Court will e-mail each MSC participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that her or his device is plugged in or that a charging cable is readily available during the video conference. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

10. Each participant should plan to join the Zoom video conference **at least 5 minutes before** the start of the MSC to ensure that the MSC begins on time.

11. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC. That is, the Court will begin the MSC with all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[4] In a Breakout Room, the Court will be able to communicate with

---

video conference, as mobile devices often offer inferior performance.
[3] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started
[4] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

participants from a single party in confidence.  Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

12. The purpose of the MSC is to permit an informal, candid discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve a mediated resolution of the case.  All MSC discussions will be off the record, privileged, and confidential.  *See* CivLR 16.3.h.

13. As MSCs are confidential court proceedings, all attendees must participate from a private and stable location where no individual who is not a party, a party representative, or an attorney for a party can overhear the proceedings.  All attendees must be prepared to devote their full attention to the MSC as if they were attending in person.  This means that attendees must clear their schedules of all conflicts for the entire period of the MSC.[5]  Attendees may not participate from a moving car or a public space.  All participants are expected to display the same level of professionalism and civility as they would at an in-person court proceeding.  *See* CivLR 2.1; J. Burkhardt's Civ. Chambers R. § I.

///

---

[5] MSCs are ordinarily scheduled for three hours but may last considerably longer.