Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone: 800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual<br><br>Plaintiff,<br><br>v.<br><br>HAMEET SETHI., An Individual;<br><br>Defendants, | Civil Case No.: 23-cv-2046-WQH-JLB<br><br>1. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. NEGLIGENT VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C §227 (b)]<br>3. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>5. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ]47 C.F.R. § 64.1200(d)}<br><br>JURY TRIAL DEMANDED |

SECONED AMENDED COMPLAINT            1

# PLAINTIFF'S ORIGINAL COMPLAINT

## PARTIES

1. The Plaintiff is THANE CHARMAN ("Plaintiff") a natural person, resident of the Southern District of California, and was present in California for all automated text messages, in this case in San Diego County, California.

2. The Defendant Hameet Sethi ("Defendant") is a "person" as defined by 47 U.S.A 153 (39) and can be served at 5713 W Leiber Pl, Glendale, AZ 85310.

3. ~~The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.~~

4. ~~Plaintiff is informed and believes that at all relevant times, each and every Defendants Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.~~

5. ~~Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.~~

SECONED AMENDED COMPLAINT    2

6.

## JURISDICTION AND VENUE

7.  **Jurisdiction**.  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8.  This Court has personal jurisdiction over Defendant as they systematically conduct business in the State of California

9.  Additionally, Defendant knowingly and purposefully sent text messages to Plaintiff on his cell phone with a "619" area code, which is associated with the San Diego metropolitan area, in the State of California.

10. Through those acts, Defendant purposefully availed themselves to the State of California.

11. Further. Plaintiff resided with this District at all times relevant hereto.

12. Plaintiff received the unwanted text messages at issue and thereby experienced the associated harm with this District.

13. Accordingly, personal jurisdiction exists, and venue is proper pursuant to 28 U.S.C 1391 (b)(1) and 1391 (b)(2)

14. ~~Defendant because Defendant knowingly and purposefully sent text m targeted consumers with their advertisements in California, including to Plaintiff, who resides in~~

~~this district. Defendants' marketing towards residents of California is the subject of this dispute from which this lawsuit arises.~~

~~15.   **Venue**. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the automated text messages for the sale of goods and services directed at California residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District.~~

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

16.   In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

17.   The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

18.   The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the

SECONED AMENDED COMPLAINT        4

prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

19. The TCPA, through the accompanying FCC regulations, 47 C.F.R. § 64.1200(c) et seq., affords special protections for "residential subscribers" who register their phone numbers on the National Do Not Call Registry.

20. Since 2003, persons who register cell phone numbers on the Do Not Call registry have been considered to be "residential subscribers" for the purpose of 227(c)(5) and the Do Not Call registry. In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14039 (2003) ("we will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'") The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3). Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

21. The TCPA treats SMS text messages the same as traditional voice calls. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 948 (9th Cir. 2009). This is not just a matter of

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

SECONED AMENDED COMPLAINT           5

judicial interpretation, as the statutory definition of "telephone solicitation" in the text of the TCPA explicitly covers "messages", in addition to traditional voice calls. See 47 U.S.C. § 227(a)(4).

22. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

23. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

24. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

25. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a

telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

26. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

27. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

28. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

29. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they

SECONED AMENDED COMPLAINT          7

had direct, personal participation in or personally authorized the conduct found to have violated the statute." (Internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## DIRECT LIABILITY

30. Defendant Hameet Sethi controls all aspects of marketing of the website insurancenerd.IO.

31. Defendant Hameet Sethi Pays for ownership and maintenance of the website insurancenerd.IO.

32. Defendant Hameet Sethi has been named as a defendant in numerous TCPA cases.

33. Defendant Hameet Sethi therefore had reason to be vigilant and mindful of TCPA violations when telemarketing marketing.

34. Defendant Hameet Sethi is directly liable for the unlawful text messages sent to Plaintiff.

## FACTUAL ALLEGATIONS

35. At all times material hereto Plaintiff's number ~~619-3X0-X1X0~~ 619-XXX-1119 was successfully registered on the Do-Not-Call Registry.

36. Plaintiff's number ~~619-3X0-X1X0~~ 619-XXX-1119 was personally registered on

the Do-Not-Call Registry in May 2018.

37.    At all times relevant hereto, Plaintiff, Thane Charman used that cell phone for primarily residential purposes such as speaking with friends and family.

38.    Plaintiff received at least twenty three (23) unauthorized automated text messages to his personal cell phone number ~~619 3X0-X1X0~~ (619) XXX-1119 from Defendant~~s~~ soliciting their goods and services starting on March 31, 2020

39.    On March 31, 2020, at approximately 10:25 AM PST, Defendant Hameet Sethi sent an automated text message to Plaintiff's cellular telephone number from the telephone number 443-508-9163 (likely spoofed).

40.    The text from paragraph (39) sent by ~~Defendants~~ Hameet Sethi reads as follows: "your car insurance premiums have been analyzed coolclicktoday.site/7jj5gu7t66ut you can reduce now"

41.    The link embedded in the text message coolclicktoday.site/7jj5gu7t66ut redirects the recipient the website insurancenerd.IO which sells and promotes insurance quotes.

42.    On April 5, 2020 at approximately 11:44 AM PST Defendant Hameet Sethi sent an automated text message to Plaintiff's cellular telephone number from the telephone number 580-406-0715 (likely spoofed).

43.    The text from paragraph (42) sent by Defendant Hameet Sethi reads as follows: "wth the whole country in isolation shouldn't you B dishing out less on car ins.? Clickstokit.online/64zedti5wey4 one site says yes"

SECONED AMENDED COMPLAINT    9

44. The link embedded in the text message Clickstokit.online/64zedti5wey4 redirects the recipient the website insurancenerd.IO which sells and promotes insurance quotes.

45. The website insurancenerd.IO is personally owned, paid for, and controlled ~~operated~~ by Hameet Sethi ~~the Defendants~~ to promote their goods and services.

46. Table A below displays text made to Plaintiff by Defendants~~:~~

TABLE A

| Call: | Caller ID: | Date | time | body |
|---|---|---|---|---|
| 1 | 4435089163 | 03/31/20 | 10:25 AM | your car insurance premiums have been analyzed |
| 2 | 5804060715 | 04/05/20 | 11:44 AM | wth the whole country in isolation you dont you be dishing out less on car ins.? |
| 3 | 6315186687 | 04/06/20 | 12:49 PM | if you could decrease ur vehicle insurance costs as much as 15% would you like us |
| 4 | 2245516989 | 04/07/20 | 10:05 AM | here is the page big ins. Firms want taken down-discover what they are hiding |
| 5 | 4359227285 | 04/16/20 | 10:41 AM | decrease ur annual costs |
| 6 | 6367488332 | 04/17/20 | 12:22 PM | don't tell anyone this site helped me to get back 15% on my car premiums |
| 7 | 4707654839 | 04/18/20 | 8:02 AM | this is our secret the page helped me 2 save 15% on my auto costs |
| 8 | 4079018837 | 04/20/20 | 8:02 AM | we are lowering ur current rates website sigh up to review your policy changes |
| 9 | 6364224603 | 04/20/20 | 12:29 PM | save as much as 5 percent on your ins costs |
| 10 | 5737880331 | 04/29/20 | 9:42 AM | your car ins contract is ready 4 a change website find out if your ur eligible any savings |
| 11 | 6185471419 | 05/02/20 | 8:48 AM | vehicle insurance firms r dropping rates website find out what you could save |
| 12 | 6106321625 | 05/05/20 | 9:24 AM | car insurance co companies r reducing rates website find out what u are eligible for |
| 13 | 6236666237 | 05/06/20 | 10:36 PM | u could be receiving a discount because ur on the road less during this website find out how much |
| 14 | 7542254601 | 08/09/20 | 4:42 PM | only for aug 09 2020 you can unlock savings on your ground breaking program website start today before discounts are gone |
| 15 | 7542254601 | 08/15/20 | 7:25 AM | I f you pay more then 29/month on car insurance check this quote. Website |
| 16 | 8332459476 | 04/16/21 | 1:49 PM | your DMV record is going to save u hundreds |
| 17 | 8332459476 | 04/16/21 | 1:49 PM | your DMV record is going to save u hundreds |
| 18 | 8332459476 | 04/16/21 | 1:49 PM | your DMV record is going to save u hundreds |
| 19 | 8332459476 | 04/16/21 | 1:50 PM | your DMV record is going to save u hundreds |
| 20 | 8332459476 | 04/16/21 | 1:50 PM | your DMV record is going to save u hundreds |
| 21 | 8332459476 | 04/16/21 | 1:50 PM | your DMV record is going to save u hundreds |
| 22 | 8332459476 | 04/16/21 | 1:50 PM | your DMV record is going to save u hundreds |
| 23 | 8332485834 | 05/03/21 | 9:10 AM | my comprehensive map outlines ur coverage choices website |

47. Each and every text message redirects to a website owned by Hameet Sethi ~~the Defendants~~ and soliciting auto insurance quotes.

48. One of Hameet Sethi's ~~Defendants's~~ ventures is a marketing ~~company~~ specializing in auto insurance quotes.

49. Defendant~~s~~ do not have any prior existing business relationship with Plaintiff.

SECONED AMENDED COMPLAINT     10

Plaintiff has never been a customer or client of Defendants. Defendants had no reason to have Plaintiff's phone number. A random phone search is the only explanation for why the text messages were sent.

50. The marketing messages are not directed to the Plaintiff and could have been sent to any person in the United States with a cell phone.

51. Defendants do not know Plaintiff's phone number and thus had no ability to include the number ~~619 3X0-X1X0~~ 619-XXX-1119 as part of a database or spreadsheet.

52. Defendants sent multiple texts sent to the Plaintiff from different phone numbers, often within hours or seconds of each other.

53. Defendants sent multiple texts from different numbers having identical language in the body of the texts.

54. Upon information and good faith belief, and in light of the nature and character of the text messages at issue—standardized, impersonal, identical spelling, and sent from different phone numbers—the advertisement and marketing text messages at issue were sent by using ATDS as defined by 47 U.S.C. § 227(a)(1).

55. Plaintiff did not give Defendants his prior express written consent to receive the text messages.

56. Each and every call was placed without the maintenance of an internal do-not-call policy. Each and every call was placed without training their agents/employees on the use

SECONED AMENDED COMPLAINT    11

of an internal do-not-call policy.

57. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

58. No emergency necessitated any of the alleged illegal automated text messages.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

59. Defendants's automated text messages harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

60. Defendants's automated text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

61. Defendants's automated text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

62. ~~Defendants~~ Plaintiff has been harmed, injured, and damaged by the text messages including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

### Plaintiff's cell phone is a residential number

63. The text messages were to Plaintiff's cellular phone ending ~~619-3X0-X1X0~~ 619-XXX-1119 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages.

Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts.

## COUNT ONE:
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing without Prior Express Written Consent
### (Against ~~All~~ Defendants)

64. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

65. ~~Defendants~~ and/or their agents placed automated text messages to Plaintiff's cellular telephone.

66. Plaintiff never consented to receive automated text messages from ~~Defendants~~. Plaintiff has had no relationship with Defendants.

67. ~~Defendants~~'s automated text messages were made for purposes of advertising and marketing their goods and services. These automated text messages constituted commercial advertising and telemarketing as contemplated by the TCPA.

68. As a result of their unlawful conduct, ~~Defendants~~ repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring ~~Defendants~~ to stop their unlawful text message campaigns.

69. Not only did ~~Defendants~~ make these violating automated text messages, but ~~Defendants~~ and/or their agents also did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

SECONED AMENDED COMPLAINT      13

70. If the Court finds that Defendants willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

### COUNT TWO:
### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))
### (Against ~~All~~ Defendants)

71. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

72. The foregoing acts and omissions of Defendant~~s~~ and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

73. Plaintiff was statutorily damaged at least twenty three (23) times under 47 U.S.C. § 227(c)(3)(F) by Defendant~~s~~ by the automated text messages described above, in the amount of $500 per automated text message.

74. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

75. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

### COUNT THREE:

SECONED AMENDED COMPLAINT   14

### Telemarketing without Mandated Safeguards, 47 C.F.R. § 64.1200(d)
### (Against ~~All~~ Defendants)

76. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

77. The foregoing acts and omissions of ~~Defendants~~ and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking the following:

   a. A written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) [2];

   b. Training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2) [3]; and,

   c. In the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

78. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c) (5)(B).

79. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

SECONED AMENDED COMPLAINT     15

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff THANE CHARMAN prays for judgment against the Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violates the TCPA and California state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $1500 per automated text message in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporations and individuals for twenty three (23) automated text messages.

E. An award of $1500 per automated text message in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporations and individuals for twenty three (23) automated text messages.

F. An award to Mr. Charman of damages, as allowed by law under the TCPA;

G. An award to Mr. Charman of interest, costs, and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

SECONED AMENDED COMPLAINT          16

Dated: August 26, 2024          Respectfully submitted,


By: /s/ *Thane Charman*

THANE CHARMAN
*Plaintiff, Pro Se*

SECONED AMENDED COMPLAINT          17

I hereby certify that on August 16, 2024. I caused a true copy of this proposed Second Amended Complaint be served via USPS mail to Defendant Hameet Sethi at 5713 W Leiber Pl Glendale, AZ 85310.

Dated: August 26, 2024          Respectfully submitted,

By: /s/ *Thane Charman*

THANE CHARMAN
*Plaintiff, Pro Se*

SECONED AMENDED COMPLAINT     18