UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>HAMEET SETHI, an individual,<br><br>        Defendant. | Case No.: 3:23-cv-2046-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is Plaintiff's Motion to Set Aside Clerk's Entry of Default and File Second Amended Complaint (the "Motion"). (ECF No. 25.)

**I. BACKGROUND**

  On November 6, 2023, Plaintiff Thane Charman ("Plaintiff") initiated this action by filing a Complaint. (ECF No. 1.) On November 17, 2023, Plaintiff filed the operative First Amended Complaint. (ECF No. 6.)

  On December 26, 2023, Defendant Hameet Sethi ("Defendant") filed an Answer to the Complaint. (ECF No. 11.)

  On July 18, 2024, Plaintiff filed a Request to Enter Default Against Defendant Hameet Sethi (ECF No. 23), because, since filing the Answer on December 26, 2023, Defendant has "failed to appear, plead, or otherwise defend within the time allowed and

1  therefore, [is] now in default." (ECF No. 23 ¶ 6.) On July 22, 2024, the Clerk of the Court
2  entered default against Defendant Hameet Sethi. (ECF No. 24.)
3      Plaintiff now moves to set aside the Entry of Default (ECF No. 24) as to Defendant
4  and file a second amended complaint. (ECF No. 25.)

## II. SETTING ASIDE ENTRY OF DEFAULT

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *see also Curry v. Jensen*, 523 F.2d 387, 388 (9th Cir. 1975) ("Absent an abuse of discretion, there is no error in setting aside a default where the judge finds good cause to do so.") (citing *Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956)). The Court's discretion "is especially broad" when setting aside entry of default rather than a default judgment. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

One factor in determining "good cause" to set aside default is "whether reopening default judgment would prejudice" the other party. *Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). Here, Plaintiff is moving to set aside the Clerk's Entry of Default (ECF No. 24), which was granted in Plaintiff's favor, so that Plaintiff may file a second amended complaint. The Court finds there is good cause to set aside the entry of default.

## III. LEAVE TO FILE A SECOND AMENDED COMPLAINT

Federal Rule of Civil Procedure 15(a)(2) provides that, after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* While leave to amend is not granted automatically, *see Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), the policy of free amendment is to be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). The decision to grant or deny leave to amend the pleadings is left to the district court's discretion, *see Jackson*, 902 F.2d at 1387, however, the general rule is that amendment is permitted "unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment

on the part of the moving party." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff requests leave to file a second amended complaint because "Plaintiff has newly discovered evidence that shows direct liability of Defendant in sending the text messages that are in violation of the Telephone Consumer Protection Act." (ECF No. 25 at 5.) Plaintiff has attached a copy of the proposed Second Amended Complaint to the Motion. (ECF No. 25-1.) After reviewing the proposed Second Amended Complaint and considering the lenient standard for leave to amend, the Court finds that Plaintiff's request to file a second amended complaint should be granted.

## IV.   CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion (ECF No. 25) is granted. The Clerk's Entry of Default (ECF No. 24) shall be set aside. Plaintiff shall file the Second Amended Complaint no later than fourteen (14) days from the entry of this Order.

Dated: 11/14/2024

Hon. William Q. Hayes
United States District Judge