IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CALIFORNIA

Case No.: 23-ev-2046-WQH-JLB

THANE CHARMAN, Plaintiff,

v.

HAMEET SETHI, Defendant.

_____/



## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, HAMEET SETHI, and files this Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b), and in support states as follows:

### 1. INTRODUCTION

Plaintiff, THANE CHARMAN, has filed a Complaint alleging violations of the Telephone Consumer Protection Act (TCPA). Defendant contends that Plaintiff's Complaint should be dismissed on the following grounds:

1. **Lack of Standing** – Plaintiff has not demonstrated concrete harm as required by Spokeo, Inc. v. Robins, 578 U.S. 330 (2016).

2. **Lack of Personal Jurisdiction** – Defendant does not reside in California nor conduct substantial business in the jurisdiction.

3. **Failure to State a Claim** – Plaintiff's allegations fail to establish a viable TCPA claim.

4. **Consent Defense** – Plaintiff may have consented to receive the alleged communications.

### 2. LACK OF STANDING

Under Article III of the U.S. Constitution, a Plaintiff must demonstrate an actual injury to have standing to sue. In **Spokeo, Inc. v. Robins, 578 U.S. 330 (2016)**, the Supreme Court ruled that a mere statutory violation without concrete harm is insufficient to establish standing. Plaintiff has failed to demonstrate actual harm beyond speculative grievances.

### 3. LACK OF PERSONAL JURISDICTION

Plaintiff has failed to show that Defendant has sufficient contacts with the state of California to justify personal jurisdiction. In **Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773 (2017),** the Supreme Court reaffirmed that due process requires a

connection between the forum state and the alleged conduct. Defendant does not reside in California and does not conduct substantial business in the jurisdiction.

**4. FAILURE TO STATE A CLAIM**

Plaintiff's Complaint lacks specificity regarding:

- The alleged automated system used.
- Clear evidence of non-consensual contact.
- Any real damages suffered by Plaintiff.

Under **Ashcroft v. Iqbal, 556 U.S. 662 (2009)**, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. The Plaintiff's allegations do not meet this standard.

**5. CONSENT DEFENSE**

If Plaintiff provided prior express consent to receive messages, the claims under the TCPA fail. See **Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037 (9th Cir. 2017)**, which confirmed that TCPA claims fail if prior consent was given.

**6. PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court:

1. Grant Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice.
2. Award Defendant attorneys' fees and costs incurred in defending this matter.
3. Grant such other relief as the Court deems just and proper.

Dated: __2/11__, 2025

Signature: _____

**HAMEET SETHI**
**Defendant, Pro Se**

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this __11__ day of __Feb__, 2025, I caused a true and correct copy of the foregoing **Motion to Dismiss Plaintiff's Complaint** to be served via **Certified Mail, Return Receipt Requested**, upon:

Clerk of Court
Edward J. Schwartz U.S. Courthouse
333 West Broadway
San Diego, CA 92101

Thane Charman
2270 Boundary St
San Diego, CA 921XX

Dated: 2/11, 2025

Signature: _____
HAMEET SETHI
Defendant, Pro Se

Glendale Az 85310

9589 0710 5270 2583 4093 45

U.S. POSTAGE PAID
FCM LG ENV
GLENDALE, AZ 85308
FEB 19, 2025
$6.62

RECEIVED
FEB 21 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

Clerk of Court
Edward J. Schwartz U.S. Courthouse
333 West Broadway
San Diego CA 92101