UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>HAMEET SETHI, an individual,<br><br>        Defendant. | Case No.: 3:23-cv-2046-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion to Dismiss Plaintiff's Complaint (ECF No. 31) filed by Defendant Hameet Sethi.

**I. PROCEDURAL BACKGROUND**

  On November 6, 2023, Plaintiff Thane Charman ("Plaintiff"), proceeding pro se, initiated this action by filing a Complaint against Defendant Hameet Sethi ("Defendant") asserting violations of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). (ECF No. 1.)

  On November 17, 2023, Plaintiff filed a First Amended Complaint. (ECF No. 6.)

  On December 26, 2023, Defendant filed an Answer to the First Amended Complaint. (ECF No. 11.) For a period afterwards, the docket reflected that Defendant had not made any filings or appearances since filing the Answer.

On July 18, 2024, Plaintiff filed a Request to Enter Default Against Defendant Hameet Sethi (ECF No. 23), asserting that Defendant had "failed to appear, plead, or otherwise defend within the time allowed and therefore, [was] now in default." *Id.* at 4.

On July 22, 2024, the Clerk of the Court entered default against Defendant (the "Clerk's Entry of Default"). (ECF No. 24.)

On August 28, 2024, Plaintiff filed a Motion to Set Aside Clerk's Entry of Default and File a Second Amended Complaint ("Plaintiff's Motion"). (ECF No. 25.)

On November 14, 2024, this Court issued an Order (ECF No. 27) granting Plaintiff's Motion, setting aside the Clerk's Entry of Default, and directing Plaintiff to "file the Second Amended Complaint." *Id.* at 3.

On January 22, 2025, Plaintiff filed the operative Second Amended Complaint ("SAC"). (ECF No. 29.)

On February 21, 2025, Defendant filed the pending Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss SAC"). (ECF No. 31.) On March 12, 2025, Plaintiff filed a Response in opposition to the Motion to Dismiss SAC. (ECF No. 33.)

## II.  ALLEGATIONS IN THE SAC

"At all times material hereto Plaintiff's number 619-XXX-1119 was successfully registered on the Do-Not-Call Registry" and yet, "Plaintiff received at least twenty three (23) unauthorized automated text messages" between March 31, 2020 and May 3, 2021 to this number from Defendant. (SAC ¶¶ 29, 32, 40.) "Plaintiff did not give Defendant his prior express written consent to receive the text messages." *Id.* ¶ 49. "Each and every text message redirect[ed] [Plaintiff] to a website owned by [Defendant] and soliciting auto insurance quotes." *Id.* ¶ 41. The messages were "not directed to [ ] Plaintiff and could have been sent to any person in the United States with a cell phone." *Id.* ¶ 44.

"Upon information and good faith belief, and in light of the nature and character of the text messages at issue—standardized, impersonal, identical spelling, and sent from different phone numbers—the advertisement and marketing text messages at issue were sent by using ATDS as defined by 47 U.S.C. § 227(a)(1)." *Id.* ¶ 48.

"Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity." *Id.* ¶ 51. "Plaintiff has been harmed, injured, and damaged by the text messages including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone." *Id.* ¶ 56.

### III.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content,

1  and reasonable inferences from that content, must be plausibly suggestive of a claim
2  entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

3  Pro se complaints are held to a less stringent standard than formal pleadings by
4  lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se plaintiff's complaint
5  must be construed liberally to determine whether a claim has been stated. *See Zichko v.
6  Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). "Although a pro se litigant … may be entitled
7  to great leeway when the court construes his pleadings, those pleadings nonetheless must
8  meet some minimum threshold in providing a defendant with notice of what it is that it
9  allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

10  **IV.  DISCUSSION**
11  **A. Standing**

12  Defendant contends that "Plaintiff has failed to demonstrate actual harm beyond
13  speculative grievances" and therefore lacks standing to sue pursuant to *Spokeo, Inc. v.
14  Robins*, 578 U.S. 330 (2016). (ECF No. 31 at 1.) However, "[i]n contrast with a FCRA
15  violation, which '*may* result in no harm,' *Spokeo*, 136 S.Ct. at 1550, a TCPA violation
16  entails inherent harms sufficient to establish injury in fact." *Nghiem v. Dick's Sporting
17  Goods, Inc.*, 222 F. Supp. 3d 805, 809 (C.D. Cal. 2016). The Ninth Circuit has thus held
18  that, "[a] plaintiff alleging a violation under the TCPA need not allege any *additional* harm
19  beyond the one Congress has identified." *Van Patten v. Vertical Fitness Grp., LLC*, 847
20  F.3d 1037, 1043 (9th Cir. 2017) (quotation omitted).

21  Accordingly, Defendant's Motion to Dismiss for Lack of Standing is denied.

22  **B. Personal Jurisdiction**

23  Defendant's contention that "Plaintiff has failed to show that Defendant has
24  sufficient contacts with the state of California to justify personal jurisdiction" may be
25  summarily dismissed. (*See* ECF No. 31 at 1.) "Lack of personal jurisdiction must be argued
26  in a defendant's first appearance to the court, whether that be an answer or a motion, or it
27  is deemed waived." *Buhler v. Audio Leasing Corp.*, 841 F.2d 1128 (9th Cir. 1988) (citing
28  Fed. R. Civ. P. 12(h)). Defendant has already made an appearance in this case by filing an

Answer to the First Amended Complaint which did not assert lack of personal jurisdiction. (*See* ECF No. 11.) As such, Defendant has waived the right to assert a lack of personal jurisdiction.

Accordingly, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is denied.

### C. Failure to State a Claim

Defendant summarily contends that "Plaintiff's Complaint lacks specificity regarding: [t]he alleged automated system used[;] clear evidence of non-consensual contact[; and] any real damages suffered by Plaintiff." (ECF No. 31 at 2.)

To state a claim for a violation of the TCPA, a plaintiff must allege that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); *see* 47 U.S.C. § 227(a)(1). Text messages are considered "calls" under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

Plaintiff alleges that (1) he "received at least twenty three (23) unauthorized text messages to his personal cell phone number (619) XXX-1119 from Defendant soliciting their goods and services starting on March 31, 2020"; (2) "the advertisement and marketing text messages at issue were sent by using ATDS as defined by 47 U.S.C. § 227(a)(1)"; and (3) "Plaintiff did not give Defendant his prior express written consent to receive the text messages." (SAC ¶¶ 32, 48–49.) These allegations are sufficient to assert a TCPA claim at this stage of the proceedings. *See Meyer*, 707 F.3d at 1043. Furthermore, Defendant's contention that Plaintiff has not adequately alleged that he suffered "any real damages" is without merit, as the Court has already noted that "[a] plaintiff alleging a violation under the TCPA need not allege any *additional* harm beyond the one Congress has identified." *Van Patten*, 847 F.3d at 1043.

Although Defendant also contends that "[i]f Plaintiff provided prior express consent to receive messages, the claims under the TCPA fail," (ECF No. 31 at 2), this assertion

directly contradicts Plaintiff's allegation that he did not give "his prior express written consent." (SAC ¶ 49.) At this stage of the proceedings, the Court must accept Plaintiff's "well-pleaded factual allegations" as true. *Iqbal*, 556 U.S. at 678.

Accordingly, the Court finds that Plaintiff's TCPA claims survive and denies Defendant's Motion to Dismiss SAC for failure to state a claim.

## V.   CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss SAC (ECF No. 31) is denied. Defendant shall file an answer to the SAC no later than twenty-one (21) days from the date this Order is issued.

Dated: May 27, 2025

Hon. William Q. Hayes
United States District Court