Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone:  800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual<br><br>              Plaintiff,<br><br>v.<br><br>Hameet Sethi, an Individual<br><br><br>            Defendant. | **Civil Case No.:**  23-cv-2046-WQH-JLB<br><br>**NOTICE OF MOTION**<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**<br><br>**Date:  January 21, 2026**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>**HONORABLE William Q. Hayes** |

Please take notice that on December 15, 2025, pursuant to FRCP 55(b)(2), Plaintiff Thane Charman will move the Honorable Chief Judge of the Federal District Court for entry of default judgment against Defendant Hameet Sethi, an Individual, for multiple TCPA violations.  The Court may order the matter submitted on the papers.  The address

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

of the Federal District Court, Southern District of California, is 333 West Broadway Blvd, San Diego, CA 92101.

Dated: December 15, 2025

Respectfully submitted,

By: /s/ *Thane Charman*

THANE CHARMAN
*Plaintiff, Pro Se*

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone: 800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual | Civil Case No.:  23-cv-2046-WQH-JLB |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT** |
| Hameet Sethi, an Individual | **Date:  January 21, 2026** |
| Defendants, | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| | **HONORABLE William Q. Hayes** |

## <u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>

1.    Plaintiff THANE CHARMAN respectfully moves, under Fed. R. Civ. P. 50(b)(2), for a default judgment against Hameet Sethi, an Individual (herein "Defendants").

## STATEMENT OF FACTS

2.    **Liability:** Plaintiff in this case, Thane Charman, received at least twenty-three (23) automated text messages to his personal telephone number ending in -1119, which was listed on the National Do Not Call Registry since May 2018. Second Amended Complaint ("SAC") ¶ 29. Plaintiff is charged for this cell phone bill through Verizon. Defendant offers the service of insurance quotes. Defendant uses telemarketing to market its services, including to persons, like Plaintiff, who are registered on the National Do Not Call Registry.

3.    **Jurisdiction:** This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Serv.,* LLC, 565 U.S. 368, 372 (2012).

4.    **Injury:** Plaintiff has been harmed, injured, and damaged by the calls, including, but not limited to: reduced device storage space, reduced data plan usage, invasion of privacy, reduced enjoyment and usage of his cell phone, reduced battery usage, anger, frustration, and aggravation.

5.    **Damages:** Violations of the TCPA § 227(b) and TCPA § 227(c) are set by statute at $500 per violation, which can be up to trebled if the Court finds the conduct to be knowing and/or willful *Perrong v. Atom Property Sol's, LLC,* No. 2:22-cv-02000-MMB, ECF No

10, at *1 (E.D. Pa. Nov. 30, 2022) (nearly identical motion as here); *Perrong v. MLA Int'l, Inc.*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238603, at *1 (M.D. Fla. Mar. 2, 2022), report and recommendation adopted in part, rejected in part, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238609 (M.D. Fla. Mar. 18, 2022); *Perrong v. Tranzvia, LLC.*, Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018). To demonstrate that the conduct was knowing and/or willful, Plaintiff need merely prove that the defendant acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting* 47 U.S.C. § 312(f)(1). A more explicit calculation will follow in the following sections.

6.    Plaintiff alleges that all twenty-three (23) texts were placed in violation of both TCPA § 227(b) and TCPA § 227(c). Therefore, Plaintiff is entitled to $69,000.00 for statutory violations, plus his $402 filing fee and $125.00 in service costs for a grand total of $69,527.00.

7.    **Posture:** On January 22, 2025, Plaintiff Thane Charman ("Plaintiff"), proceeding pro se, filed the operative Second Amended Complaint ("SAC") against Defendant Hameet Sethi ("Defendant"), asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii). (ECF No. 29.) On February 21, 2025, Defendant filed a Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss SAC"). (ECF No. 31.) On March 12, 2025, Plaintiff filed a Response in Opposition to the Motion to Dismiss SAC. (ECF No. 33.) On May 27, 2025, the Court issued an Order denying Defendant's Motion to Dismiss SAC and ordering Defendant to "file an answer to the SAC no later than twenty-one (21)

days from the date this Order is issued." (ECF No. 34 at 6.) The docket reflects that Defendant has not filed an answer to the SAC.  On September 16, 2025, Plaintiff filed a Request for Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 35.) On October 22, 2025, the Clerk of Court entered Default against Defendant. (ECF No. 36.)

## ARGUMENT AND AUTHORITIES

8.    Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default.  As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, ensure the Plaintiff has pled a cognizable claim, and ensure the defendant had a fair notice of their opportunity to object. See, e.g., *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, Civ. No. 05-3452 at *9 (D.N.J. July 31, 2008). For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

### The Court Has Jurisdiction and Service of Process Was Proper

9.    The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendant. Further, Defendant was duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

### Subject Matter Jurisdiction

1    10.    This Court has federal-question subject matter jurisdiction over the Plaintiff's

2    TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims*

3

4    *v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

5                                              **Personal Jurisdiction**

6    11.    There exist two types of personal jurisdiction: general and specific. Specific

7

8    personal jurisdiction exists when the defendant has "purposefully directed his activities at

9    residents of the forum and the litigation results from alleged injuries that arise out of or

10   related to those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

11   12.    General personal jurisdiction exists when the defendant's contacts with the forum,

12

13   whether or not related to the litigation, are "continuous and systematic." Helicopteros

14   Nacionales de Colombia v. Hall, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404

15

16   (1984).

17   13.    As a preliminary matter, the court has specific jurisdiction over Defendant because

18   the constitutional requirements of purposeful direction and fair play are satisfied. Where

19

20   no applicable federal statute addresses the issue (as is the case here), the district court

21   "asserts personal jurisdiction over non-resident Defendant to the extent permissible under

22   the law of the state where the district court sits." Pennzoil Products Co. v. Colelli

23

24   Associates, 149 F.3d 197 (3d Cir. 1998).

25   14.    Under Pennsylvania's long-arm statute, personal jurisdiction over a non-resident

26   Defendant is permitted "to the fullest extent allowed under the Constitution of the United

27

28   States." 42 Pa.C.S.A. § 5322(b); Renner v. Lanard Toys Ltd., 33 F.3d 277 (3d Cir. 1994).

15.    The due process limit to the exercise of personal jurisdiction is defined by a two-prong test. First, the Defendant must have made constitutionally sufficient "minimum contacts" with the forum. *Burger King Corp.* Second, if "minimum contacts" are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice," i.e., is reasonable. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

16.    Plaintiff's pleadings show that both these elements are satisfied to meet the requirements for asserting specific personal jurisdiction over Defendant. First, the Defendant has "minimum contacts" with the forum. The "minimum contacts" test is satisfied by "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). Courts have repeatedly held that where a defendant makes a call or sends a message into the forum state in violation of the TCPA, this action alone is sufficient to confer specific jurisdiction over the defendant. *See Rinky Dink Inc. v. Elec. Merch. Sys. Inc*., No. C13-1347-JCC, 2014 WL 5880170, at *3 (W.D. Wash. Sept. 30, 2014) (finding express aiming where defendant transmitted calls to telephone numbers with Washington area codes, even if at the direction of another party); see also *Abramson v. CWS Apartment Homes, LLC*, No. CV 16-426, 2016 WL 6236370, at *4 (W.D. Pa. Oct. 24, 2016) (holding Pennsylvania has an interest in protecting its citizens from harm

inflicted by nonresidents and holding that sending a text message to a Pennsylvania area code would make the exercise of specific personal jurisdiction reasonable).

17.    Plaintiff has alleged precisely that the Defendant made calls into California, to California area codes, to numbers registered in California. Defendants do business here and offers their services here. Defendant "expressly aimed [its] conduct in California" because Plaintiff's phone number was associated with the State of California. *Abramson v. Caribbean Cruise Line, Inc*., No. 2:14-CV-00435, 2014 WL 2938626, at *8 (W.D. Pa. June 30, 2014) (quoting Marten v. Godwin, 499 F.3d 290, 298 (3d Cir. 2007)).

18.    Turning next to the "reasonableness" prong, requiring Defendant to defend in California is not unreasonable. After sufficient minimum contacts are found, it becomes the defendant's burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Defendant have failed to carry this burden as Defendant is in default. Accordingly, personal jurisdiction over Defendant is proper.

## Service of Process

19.    In Under the Federal Rules of Civil Procedure, Defendants were properly served Under Fed. R. Civ. P. 5, The Second Amended Complaint (ECF No. 29) was mailed to the Defendant on January 22, 2025.  Defendant filed a Motion to Dismiss in response to the Second Amended Complaint on February 21, 2025 (ECF No. 31)

## The Balance of Factors Weighs in Favor of a Default

20.    By refusing to participate in any meaningful way in court proceedings.  And to defy the Court's orders to respond or appear have demonstrated their culpability.  Their failure to adequately respond weighs in Plaintiff's favor.  Plaintiff would be prejudiced without a default.

## Without Default, Plaintiff Will be Denied Relief

*21.*    In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgment. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendant's failure to offer a meritorious Defense Plaintiff is prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Here, Defendant was made aware of its unlawful conduct when it was served ~~which went ignored~~. Nevertheless, Defendant has failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that [the p]laintiff will be unfairly prejudiced (and [the d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs.,*

*LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

### Defendant has no Meritorious Defense

22.    In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because the Defendant did not file an answer to the SAC, the Court cannot determine whether or not Defendant had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendant had no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgment is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

### Defendant is Culpable for its Conduct

23.    The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Courts in this circuit have found lack of culpability only where the mistakes were innocent, accidental or somehow excusable. *Emcasco*, 834 F.2d at 75 (finding no culpability where the defendant was not notified of a

court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required). Defendant's failure to answer, despite adequate service and actual knowledge of the lawsuit, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

**The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven**

24.    The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $69,527.00, are both reasonable and fair given the circumstances and facts of the case.

**Legal Sufficiency**

25.    Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013). Here, Plaintiff has alleged and supported his TCPA claims with more than adequate specificity. *Compare* Compl. ¶ 24-42 (date, caller ID, called number, message content, and whether or not the called number was on the National Do Not Call Registry) *with*, e.g., *Frischberg v. Glob. Serv. Grp., LLC*, No. 1:17-cv-4449 (NLH/KMW) (D.N.J. Jul. 18, 2018); *Righetti v. Auth. Tax Servs., LLC*, No. C-14-0146 EMC (N.D. Cal. Jul. 6, 2015).

26.     In particular, Plaintiff has adequately and specifically stated claims for calls placed to a number on the National Do Not Call Registry. 47 U.S.C. § 227(c) and the regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)(2), (c)(5), and (d)(6).

**First Claim: 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227**

The elements of this claim are: (1) the defendant called a private telephone number; (2) registered on the National Do Not Call Registry; (3) Plaintiff received text messages; (4) at least twice in any 12-month period; (5) for initiating any telephone solicitation; (6) without consent or having had consent revoked; 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227

Plaintiff's Complaint pleads each element of this claim:

(1) Defendant called Plaintiff's private telephone number, SAC ¶31

(2) Registered on the National Do Not Call Registry, SAC ¶30

(3) Plaintiff received texts; SAC ¶32

(4) At least twice in any 12-month period,  SAC ¶40

(5) For the purpose of initiating any telephone solicitation, SAC ¶ 32

(6) Without consent or having had consent revoked SAC ¶ 49

**Second Claim:** 47 U.S.C. § 227(b)(1)(A)(iii)

The elements of this claim are: (1) Plaintiff is located in the United States; SAC (2) Plaintiff received automated text messages from Defendant; SAC (3) Plaintiff's phone is a cellular telephone;  (4) Plaintiff did not consent to receive automated text messages from

Defendant, or otherwise give Defendant permission to send automated text messages. SAC ¶ 49

Plaintiff pleads each element of this claim:

(1) Plaintiff was located in San Diego County for all calls in this case. SAC ¶ 7.

(2) The text messages Plaintiff received were automated. Generally Plaintiff's Affidavit in Support of Default.

(3) Plaintiff's phone is a cellular telephone. SAC ¶ 31-33.

(4) Plaintiff did not consent to receive automated text messages from Defendant. SAC ¶ 60.

### Damages are Appropriate for Default Judgment

27. "[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

28.    Thus, in TCPA cases, a six-figure demand does not cause the sum-at-stake to weigh against granting default judgment. In fact, courts around the country have granted six and even seven-figure default judgments in TCPA cases. *See* e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Enagic USA, Inc.*, Civ. No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.), ECF No. 274 ($259,500); *Tranzvia, LLC.*, at *1 ($45,000).

29.     The statutory penalty for a TCPA violation is $500 for each *violation* of section (b), section (c), or both sections. These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call). Plaintiff pleads that he received twenty-three (23) text messages. As outlined above, each of the twenty-three (23) text messages violates one part of section (c) [the prohibition against calling numbers on the Do Not Call Registry] and entitles Plaintiff to an award of $500 for each violation plus treble damages, or $1500.00.

30.     The sum of statutory damages, therefore, totals $69,527.00. Courts have routinely awarded treble damages in assessing TCPA damages arising from defaults. In fact, courts have routinely awarded treble damages when the Plaintiff pleads a revocation of consent. *Mabeza v. Ashfield Mgmt. Servs., LLC*, Civ. No. 17-cv-1946-AJB-KSC, (S.D. Cal. Mar. 20, 2018). Intent to violate the statute is not required for treble damages. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). (Holding that malice and wantonness are not required for treble damages in a TCPA action). So long as the Defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768.

31.    The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id*. at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

32.    In addition, the Plaintiff paid the $402.00 filing fee, which he is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, the Plaintiff expended $125.00 in effectuating service of process. Perrong Dec. Therefore, Plaintiff is entitled to recover costs of service under FED. R. CIV P. 4(d)(2). *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. 19-CV-15716-ES-ESK, 2020 WL 3892360, at *2 (D.N.J. July 2, 2020). Therefore, Plaintiff seeks a total judgment of $.

33.    Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgment be entered in the amount of $69,527.00, calculated as follows: one violation per call [One Hundred Fifteen] times $500 per violation, times treble damages, plus $402,00 in filing fees, plus $125.00 in service fees

## CONCLUSION

34.    Defendant decided to make calls to the Plaintiff (to a number listed on the National Do Not Call Registry, no less). Defendant decided not to defend this lawsuit. Accordingly, entry of default judgment against Defendant is appropriate. Plaintiff Thane Charman

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

respectfully prays for an award of $69,527.00, plus any other relief that the court deems just and proper.

Dated: December 15, 2025          respectfully submitted,

By: /s/ *Thane Charman*

THANE CHARMAN

*Plaintiff, Pro Se*

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| | |
|---|---|
| THANE CHARMAN, individual<br><br>Plaintiff,<br><br>v.<br><br>Hameet Sethi, an Individual<br><br><br>Defendants, | Civil Case No.:   23-cv-2046-WQH-JLB<br><br>**DECLARATION IN SUPPORT OF MOTION FOR DEFAULT**<br><br>**Hearing Date: January 21, 2026**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>**HONORABLE William Q. Hayes** |

18
19
20
21
22
23
24
25
26
27
28

I, Thane Charman, hereby declare the following in support of Plaintiff's Motion for Default:

1. I am the Pro Se Plaintiff in Case No.:  3:23-cv-02046-WQH-JLB

2. I am competent to testify to the matters stated herein.

3. This declaration is based on personal knowledge of the matters set forth herein.

I declare under penalty of perjury that the foregoing is true and correct.  This declaration is executed on the date stated below in San Diego, California

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Dated: December 15, 2025       Respectfully submitted,


By: /s/ *Thane charman*
_____

THANE CHARMAN
*Plaintiff, Pro Se*

**PROOF OF SERVICE**

I, Thane Charman, am over 18, a pro per plaintiff in this matter and have served on

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendants as follows:

Notice of motion, Motion for default judgment and Memorandum of Points and Authorities has by US Mail, postage pre-paid, first class to: Hameet Sethi. At 5713 W Leiber Pl, Glendale, AZ.

I swear under penalty of perjury that the above was served as stated.
Dated: December 15, 2025

/S/ *THANE CHARMAN*
THANE CHARMAN

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone:  800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual<br><br>                     Plaintiff,<br><br>v.<br><br>  HAMEET SETHI., An Individual; Does 1 Through 10, Inclusive, And Each Of Them<br><br><br>                     Defendants, | Civil Case No.:  23-cv-2046-WQH-JLB<br><br>**AFFDAVIT OF THANE CHARMAN IN SUPPORT OF MOTION FOR DEFAULT JUDGEMENT** |

## **AFFDAVIT OF THANE CHARMAN IN SUPPORT OF MOTION FOR DEFAULT JUDGEMENT**

I, THANE CHARMAN, declare under penalty of perjury, state as follows:

I am over the age of 18 years and a resident of San Diego County.  I have firsthand

## **AFFIDAVIT OF THANE CHARMAN IN SUPPORT OF MOTION FOR DEFAULT JUDGEMENT**

knowledge of the matters of fact stated herein. If called as a witness, I could and would testify competently to such facts under oath.

1. I never gave Defendant Hameet Sethi ("Defendant") my telephone number.

2. Random generation is the only explanation for why Defendant obtained my phone number.

3. None of the text messages addressed me by name.

4. None of the text messages are personalized to me in any way.

5. The text messages contained "Reply END TO Unsubscribe" or other opt-out instructions that are indicative of automated text messages.

6. The texts came from phone number 754-225-4601.

7. Phone number 754-225-4601 is not a working phone number.

8. 8. All twenty three (23) of the phone numbers listed in the complaint as automated texts on Paragraph 40 are non-working numbers.

**AFFIDAVIT OF THANE CHARMAN IN SUPPORT OF MOTION FOR DEFAULT JUDGEMENT**

Dated: December 15, 2025                    respectfully submitted,


                                    By: /s/ *Thane Charman*

                                    THANE CHARMAN

                                    *Plaintiff, Pro Se*


**PROOF OF SERVICE**

I, Thane Charman, am over 18, a pro per plaintiff in this matter and have served on Defendants as follows:


Affidavit Of Thane Charman In Support Of Motion For Default Judgment has by US

Mail, postage pre-paid, first class sent to: Hameet Sethi at 5713 W Leiber Pl, Glendale,

**AFFIDAVIT OF THANE CHARMAN IN SUPPORT OF MOTION FOR**

**DEFAULT JUDGEMENT**

AZ.

I swear under penalty of perjury that the above was served as stated.

Dated: December 15, 2025

By: /s/ Thane Charman

THANE CHARMAN

Plaintiff, Pro Se

**AFFIDAVIT OF THANE CHARMAN IN SUPPORT OF MOTION FOR DEFAULT JUDGEMENT**